AYRES, Judge.
Plaintiffs attack the olographic last will and testament of the late Joanna Williams Locus as null and void and the judgment admitting it' to probate as invalid.
By the will, the testator’s daughter, Ro-dessa Locus Thompson, and her four children, Venda Mae Alexander, Lillien Alexander, Ada Maria Alexander, and Joe Johnson, were instituted as universal legatees. They were so recognized as such on the probation of the -will, and were placed in possession as owners of the property of the decedent, consisting principally of a tract of 39.80 acres of land situated in Caddo Parish. Plaintiffs are descendants of the testator by previous marriages and, hence, are also her next of kin.
These facts appear from the record. The will was dated September 27, 1947; the testator died January 28, 1949; the will was probated October 17, 1950; and the present action was instituted October 15, 1955.
While the instant suit attacks both the Validity of the will and the proceedings culminating in its probation, the only question presented to the trial court was that of the validity of the will. We are, therefore, only concerned on the appeal with the charges that the will is invalid. The charges of invalidity are that the will is not in the testator’s handwriting and it is illegible, indefinite, uncertain, meaningless, and doubtful; and, moreover, that the testator was of insufficient mental capacity to make a will. After trial, the court concluded that plaintiffs had not sustained their attack upon the will and accordingly rejected their demands. From this judgment, they appealed.
Only factual issues are presented for determination. No evidence whatsoever was offered .attacking the testator’s mental capacity to make a will. Nor was there' testimony she could not write. To the contrary, plaintiffs herein readily admitted not only the testator’s ability to write but the fact she corresponded in some degree of regularity with several relatives. Although they testified the will is not in the testator’s handwriting, plaintiffs were obviously not in position to know that fact. They were unable to identify the testator’s signature on official documents presented to them; nor did they produce specimens of her handwriting for comparison. The defendant, Rodessa Locus Thompson, testified that her mother wrote the will at her residence and in her presence, as well as in the presence of two other persons.
Nor do we find any merit in the contention that the will is illegible and uncertain. The trial court experienced no difficulty in reading and interpreting the provisions of the will. From the language used, it clearly appears that the testator bequeathed all her property to her daughter and grandchildren, the defendants in this action.
We are in accord with the conclusion reached by the trial court that plaintiffs have not borne the burden of proof and established that the will is invalid. Hence, the judgment appealed should be, and it is hereby, affirmed at plaintiffs-appellants’ cost.
Affirmed.